UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc., a Minnesota Corporation,

Plaintiff,

vs.

PRETRIAL ORDER

Dialpad.com, Inc., a California corporation,

Defendant.

Civ. No. 00-1540 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 17th day of October, 2000.

* * *

Pursuant to Pretrial Conference convened on August 22, 2000, and in accordance with provisions of Rule 16, Federal Rules of Civil Procedure, to administer the course of this litigation in a manner which promotes the interests of justice, economy and judicial efficiency, it is --

ORDERED:

I.

**DISCOVERY PLAN**

1. Plaintiff shall serve upon the opposite party within 60 days from today's date "Plaintiff's Claim Chart," which shall

FILED 10/17/00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

identify: (1) which claim(s) of its patent(s) it alleges are being infringed; (2) which specific products or methods of the opposite party it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present. If there is a contention by plaintiff that there is infringement of any claims under the doctrine of equivalents, plaintiff shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, plaintiff shall also explain each of the function, way and result that it contends are equivalent, and why it contends that any differences are not substantial.

2. Within 30 days of its receipt of the opposite party's Claim Chart, defendant shall serve upon plaintiff "Defendant's Claim Chart" that indicates with specificity which elements on Plaintiff's Claim Chart it admits are present in its accused device or process, and which it contends are absent. In the latter regard, defendant will set forth in detail the basis for its contention that the element is absent. As to the doctrine of equivalents, defendant shall indicate on its chart its contentions concerning any differences in function, way and result and why any differences are substantial.

3. Following defendant's service of its Claim Chart as set forth above, the Court shall be contacted for purposes of scheduling a Hearing to determine claim interpretation ("Markman Hearing"). Markman Hearings will not be scheduled as a matter of course, but only upon a showing that such a Hearing is warranted.

a. Forty-five (45) days in advance of a Markman Hearing date, each side shall file with the Court a statement of the interpretation for which it contends, along with a memorandum explaining how the intrinsic evidence (claims, specification and prosecution history of the patent(s)-in-suit) support that interpretation.

b. If either side alleges that it also intends to rely on extrinsic evidence, it shall:

(i) explain why extrinsic evidence is necessary;

(ii) explain the extrinsic evidence it intends to offer; and

(iii) if the extrinsic evidence is testimony (e.g. from an expert of the inventor), submit to the Court such testimony in the form of an affidavit.

c. If one side indicates its intention to rely on extrinsic evidence, within 15 days the opposite party shall file a memorandum with the Court:

(i) stating its position on the need for the extrinsic evidence offered by the other party; and

(ii) stating whether, if the Court hears the extrinsic evidence offered by its opponent, it want to present extrinsic evidence as well; and, if so, providing the information required under subsection (i)-(iii) in part b. above.

d. At least ten (10) days before the date of the Markman hearing, the Court shall issue and Order stating:

(i) whether it will receive extrinsic evidence, and if so, the particular evidence it will receive; and

(ii) whether the extrinsic evidence in the form of testimony shall be the affidavits already filed, or in the form of live testimony from the affiants.

**DISCOVERY RELATING TO VALIDITY / PRIOR ART**

1. Within ninety (90) days of its receipt of Plaintiff's Claim Chart pursuant to the Discovery Plan, paragraph 1, defendant shall serve on plaintiff a list of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by plaintiff ("Defendant's Prior Art Statement").

2. Within thirty (30) days of its receipt of Defendant's Prior Art Statement, plaintiff shall serve on defendant "Plaintiff's Prior Art Statement," in which it will state in detail its position on what the prior art relied upon by defendant shows, if its interpretation differs from defendant's, and its position on why the prior art does not invalidate the patent(s)-in-suit.

3. The Plaintiff's and Defendant's "Prior Art Statements" can be, but need not be, in the form of expert reports.

4. Defendant can add prior art to its original Statement only by leave of court, upon a showing:

a. that it was not and could not reasonably have been located earlier by defendant; and

b. that it is not merely cumulative of prior art already listed, and

c. how defendant will be prejudiced if leave is denied, and plaintiff will not be prejudiced if leave is given.

**PLEADING OF DEFENSES**

1. It shall not be a ground for objection by the plaintiff to discovery that it relates to defenses not pled by the defendant, where the evidence needed to support these defenses is in whole or in part in the hands of the plaintiff.

2. Once the plaintiff has given the necessary discovery, the defendant may seek leave of Court to add defenses for which it alleges, consistent with Rule 11, Federal Rules of Civil Procedure, that it has support, and such support shall be explained in the Motion seeking leave. Leave shall be liberally given where prima facie support is present, provided that the defendant seeks leave as soon as reasonably possible following the plaintiff's providing the necessary discovery.

**DISCOVERY DEFINITIONS**

1. In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art," "best mode," "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this Order is not satisfied by the responding party including a specific definition

of the term-of-art in its response, and limiting its response to that definition.

**EXPERT WITNESSES**

1. On **July 23, 2001**, the parties shall exchange expert reports, which reports shall be in accordance with Rule 26(a)(2)(B), Federal Rules of Civil Procedure ("Initial Expert Reports"). The Initial Expert Reports from each party shall deal with the issues on which that party has the burden of persuasion.

2. Thirty (30) days after the Initial Expert Reports are exchanged, Rebuttal Expert Reports shall be exchanged. Rebuttal Expert Reports shall also be in accordance with Rule 26(a)(2)(B), Federal Rules of Civil Procedure.

3. Every expert report shall begin with a succinct statement of the opinions the expert expects to give at trial.

4. Unless leave of court is applied for and given, there shall be no expert testimony at trial on behalf of the party having the burden of persuasion on any issue not covered in that party's Initial Expert Report.

5. Unless leave of Court is applied for and given, an expert shall not use or refer to at trial any evidence, basis or grounds in support of his/her opinion not disclosed in his/her expert report, except pursuant to paragraph 8, below.

6. Unless leave of Court is applied for an given, no expert reports other than the Initial and Rebuttal Reports described in paragraphs 1 and 2 shall be permitted.

7. No application under paragraphs 4-6 shall be filed later than 30 days before the Final Pretrial Conference.

8. The application for leave of Court referred to in paragraphs 4-6 above shall: (1) include, as an attachment, the additional expert report sought to be used, in which the new issue, evidence, basis or ground is explained; (2) explain in detail why the issue, evidence, basis or ground was not, or could not be, included in the Initial or Rebuttal report; and (3) explain the prejudice to the submitting party if the additional expert report is not permitted, and the lack of prejudice to its opponent if the additional expert report is permitted.

9. Within ten (10) days after the filing of an application pursuant to paragraph 8, the other party may file an opposition to the application, dealing with the issues of: (i) timeliness; (ii) prejudice; and (iii) what additional expert reports would be needed by the respondent if leave of court is given to the movant.

10. Anything shown or told to an expert relating to the issues on which he/she opines, or to the evidence, basis or grounds in support of or countering the opinion, shall be referenced in

that expert's report and is subject to discovery by the opposing party.

11. The parties shall agree on: (i) whether drafts of expert reports should be retained and produced; and (ii) whether there shall be inquiry into whom, if anyone, other than the expert participated in the drafting of his/her report. In the absence of such an agreement, drafts of expert reports need not be produced, but inquiry into who participated in the drafting and what their respective contributions were is permitted. The court will not entertain motions on these two issues.

**PRIVILEGE & RELATED ISSUES**

Foreign Prosecution

1. If requested by defendant, plaintiff shall produce to it:

a. all prior art cited against foreign counterparts of the U.S. application(s) for the patent(s)-in-suit; and

b. all communications to or from foreign patent offices regarding counterparts of the U.S. application for the patent(s)-in-suit.

"Foreign counterparts" shall be interpreted broadly and includes applications based on specifications similar to the specification for the patent(s)-in-suit, regardless of their claims.

2. There is a presumption that communications between persons prosecuting foreign counterpart applications (attorneys or patent agents) and (i) the investors; (ii) U.S. prosecution counsel; and

(iii) each other, are privileged. If such communications are requested by defendant and plaintiff objects on privilege grounds, no motion to compel shall be filed unless defendant can show, with specificity, what it expects the communications to show ("something damaging to plaintiff's position" is not a sufficiently specific showing) and how it intents to use the information discovered if it shows what is expected. If a sufficient showing by defendant is made, the court will receive the communications for inspection in *camera*, and will release them to defendant only if they do show what defendant expected.

<u>Patent Owner / Prosecution Counsel Communications</u>

3. Communications during patent prosecution between the inventor and owner of the patent(s)-in-suit on the one hand, and counsel prosecuting the patent(s) on the other, are presumptively privileged, and need not be produced by plaintiff unless defendant can state:

> a. with reasonable specificity what information it believes it will find in such communications, and the basis for such belief; and
>
> b. for what purpose it would use the information at trial.

If defendant makes the required showing, the documents in question will be produced to the court for *in camera* inspection to determine whether they do, in fact, contain the information specified by

defendant and whether it could be used for the purpose proposed by defendant. The documents will be produced only if both conditions are satisfied.

Privilege Log

4. Absent an agreement of counsel to the contrary, any document requested that is not produced shall be identified in a log of withheld documents ("Withheld Document Log"). For each document listed on the Withheld Document Log, the following information must be given:

a. the author(s);

b. the recipient(s);

c. the position held by each author and each recipient, including whether they are lawyers;

d. the date;

e. the basis or bases for withholding the document;

f. a description of the document in such detail that the requesting party can determine whether to challenge the basis or bases set forth pursuant to (e) (e.g., that "the document contain legal advice from X to Y concerning the subject of marking with the patent number").

Inventor Testimony

5. In the depositions of the inventor(s) of the patent(s)-in-suit, there shall be no instruction by the patentee's counsel not to answer questions posed by counsel for the respondent, except as to legal privilege, or as to a matter of the same privileged

status. Questions calling for the inventor(s) to state an opinion or interpret a document relevant to issues in the case are not objectionable, and must be answered if the inventor(s) has an opinion or considers himself able to give an interpretation. The inventor can decline to answer the question only if, in truth, the inventor(s) has no opinion or is unable to interpret the document; but the inventor(s) shall then be barred from giving such opinion interpreting such document at trial, and opposing counsel may advise the fact finder at trial of the inventor's declining to answer.

II.

That all pre-discovery disclosures required by Rule 26(a)(1) have been completed. The period during which the parties may conduct discovery shall terminate on **May 22, 2001.** Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Schedule. No further or additional discovery shall be permitted after the above date except by leave of the Court for good cause shown, and agreements between counsel which contravene the provisions of this Schedule will not be recognized. However, upon agreement of

counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

III.

That all Motions which seek to add parties must be filed and the Hearing thereon completed on or before **November 14, 2000**; and that all Motions which seek to amend the pleadings be filed and the Hearing thereon completed by **June 21, 2001**, or thirty days after the close of fact discovery.

IV.

That all other nondispositive Motions shall be filed and the Hearing thereon completed prior to **January 18, 2002**, by calling Victoria L. Miller, Calendar Clerk for Magistrate Judge Raymond L. Erickson. All nondispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(a). No discovery Motion shall be heard unless the moving party files with the Motion the statement required by Local Rule 37.1 and complies with the requirements of Local Rule 37.2.

V.

That no more than **100** Interrogatories (counted in accordance with Local Rule 33(a), Federal Rules of Civil Procedure), shall be served by any party.

VI.

That no more than **12** depositions (excluding experts, named inventors, and corporate designees) shall be taken by any party without prior Order of the Court.

VII.

That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial. Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the witness. As required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, the report shall contain:

a. The qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years;

b. The compensation to be paid for the study and testimony;

c. A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

d. A complete statement of all opinions to be expressed and the basis and reasons therefor;

e. The data or other information considered by the witness in forming the opinions; and

f. Any exhibits to be used as a summary of or support for the opinions.

The Plaintiff's disclosures shall be made on or before **July 23, 2001.** The Defendant's disclosures shall be made on or before **August 22, 2001.**

VIII.

That the parties **do** contemplate taking expert depositions. Any expert who prepared a written report may be deposed without prior Order of the Court.

IX.

That each party shall fully supplement all discovery responses according to the Federal Rules of Civil Procedure. Any evidence responsive to a discovery request which has not been disclosed on or before that date, except for good cause shown, shall be excluded from evidence at trial.

X.

That all dispositive Motions shall be filed and the Hearing thereon completed prior to **May 1, 2002.** All dispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(b)(2). Counsel are forewarned that six to eight weeks advance notice is necessary to place a dispositive Motion on the calendar.

XI.

That this case shall be ready for Trial on **May 1, 2002,**[1] or thirty days after the Court renders its Order on any dispositive Motion, whichever is later, at which time the case will be placed on the Court's **Jury** trial calendar.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

[1]**THIS DATE IS NOT A TRIAL SETTING DATE.** The parties will be notified by the Calendar Clerk of the assigned Judge to a case by way of a Notice of Trial as to when this case will be placed on the Trial Calendar. The above date is merely a notice to all parties to consider the case ready for trial as of this date. **DO NOT PREPARE FOR TRIAL UNTIL NOTIFIED.**