UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,
a Minnesota Corporation,

Plaintiff,

vs. MINUTE ORDER

Dialpad.com, Inc.,
a California Corporation,

Defendant. Civ. No. 00-1540 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 26th day of January, 2001.

* * *

On January 24, 2001, the Court heard argument on the Motion of the Defendant Dialpad.com, Inc. ("Dialpad") to Compel Discovery. At the time of the Hearing, the Plaintiff Multi-Tech Systems, Inc. ("Multi-Tech"), appeared by Ken R. Hall, Esq., and Dialpad, appeared by Kurt J. Niederluecke, Esq. We grant Dialpad's Motion, in part.

Dialpad seeks an Order requiring Multi-Tech to provide it with the personnel files of the inventors of the patents-in-suit, and any pleadings and correspondence, as they are generated or received by Multi-Tech, in Multi-Tech's paralleling patent infringement actions. Multi-Tech has refused to produce the personnel files of

FILED JAN 26 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(25)

the inventors, as it claims that many portions are not relevant, and that the privacy interests of the inventors should not be invaded in the absence of a particularized showing of relevance. See, e.g., Onwuka v. Federal Exp. Corp., 178 F.R.D. 508, 517 (D. Minn. 1997)("We think the proper balance between the privacy interest of non-party third persons, and the discovery interests of a party litigant, is to assure that only those portions of the pertinent personnel files, which are clearly relevant to the parties' claims, are open to disclosure and, then, subject to an appropriate Confidentiality Order as the circumstances require."). As for the pleadings and correspondence, Multi-Tech has agreed to produce those documents in the following manner: Multi-Tech will produce, on a bi-monthly basis, an index of all pleadings in the related cases; it will also provide the index upon five business days' notice if Dialpad needs such identified material in the interim between scheduled supplemental productions. Dialpad has refused this agreement.

A. The Motion to Compel Inventor's Personnel Records. As Dialpad argues, and Multi-Tech agrees, the diligence of the alleged inventor of a patent-in-suit, in reducing their invention to practice, can be a critical issue in a patent suit. See, Title 35 U.S.C. §102(g). Multi-Tech contends, however, that it has provided the inventor's records, and the portions of their personnel files

that are responsive to Dialpad's discovery requests, but that the remainder of the files contain irrelevant and private information. Undoubtedly, the inventors personnel files contain information which is sensitive and private, and the inventors' substantial interest in preserving that information from needless disclosure is an understandable one.[1] In order to focus Dialpad's discovery on those aspects of the requested personnel files, which would appear to be relevant, we grant Dialpad's Motion insofar as the files contain information bearing on the inventor's diligence. We specifically have in mind any attendance records, sick leave, and such other records as would tend to show the presence, or absence of diligence, on the inventor's part, in reducing the invention to

[1]Although Dialpad has suggested that an appropriate solution would be to have Multi-Tech turn over the entire personnel files under a Protective Order, we do not find such an approach adequately addresses the inventors' privacy concerns. While a Protective Order could protect the information from broad, public dissemination, we find that the mere disclosure of the information can be offensive to the privacy interests of the inventors, especially since most of the information in the files would be starkly irrelevant to the issues to be litigated. See, Raddatz v. Standard Register Co., 177 F.R.D. 446, 447-48 (D. Minn. 1997)("In our considered view, the very act of disclosing an employee's sensitive and personal data is a highly, and frequently, an unnecessarily intrusive act -- whether or not that disclosure is governed by the terms of a Confidentiality Order," as "[t]he intrusiveness of the act rests in disclosure to anyone, and the fact that the information may not be openly publicized brings little comfort to the co-employee, whose most private confidences are needlessly divulged.").

practice. To that extent only, we grant Dialpad's Motion to Compel the inventor's personnel files.

B. The Motion to Compel Pleadings and Correspondence. The parties have agreed that Multi-Tech's pleadings and correspondence in related patent infringement actions may be relevant, but they disagree as to how the documents should be produced. Dialpad would like the documents produced on a continuous basis, with Multi-Tech "carbon copying" Dialpad on all of their pleadings and correspondence, while Multi-Tech suggests a bi-monthly procedure.

We need not decide whether all of the documents that Multi-Tech produces in the paralleling patent cases are relevant to the case involving Dialpad, for the parties have agreed to their relevancy. We are required to determine the regularity with which such document productions must occur, however, because that aspect of Dialpad's Motion has eluded agreement. Given the Record before us, we conclude that the proposal Multi-Tech has advanced is a reasonable approach. If Dialpad believes that a more timely production is desirable, it may negotiate such arrangements with the Defendants in the paralleling cases, or it may closely monitor the docket entries of those other cases. It strikes us as unusual that, having successfully secured a severance of this proceeding from the paralleling actions, Dialpad seeks to consolidate the actions at least insofar as Dialpad will be copied with the

pleadings and correspondence generated in those actions. We are aware of no legal authority that requires Multi-Tech to function as a clerical arm of Dialpad for these purposes, and Dialpad draws no such authority to our attention. Accordingly, we deny the Defendant's Motion to Compel a different avenue of document production than that proposed by Multi-Tech, for these specific purposes.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's Motion to Compel Discovery [Docket No. 17] is GRANTED, in part, as more fully explained in the text of this Minute Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE