UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

ORDER

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,

Plaintiff,

vs.

Phonefree.com, Inc., a Delaware corporation,

Defendant. Civ. No. 00-346(ADM/RLE)

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,

Plaintiff,

vs.

Zeroplus.com, Inc., a Delaware Corporation,

Defendant. Civ. No. 00-1538(ADM/RLE)

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,

Plaintiff,

vs.

Dialpad.com, Inc., a California Corporation,

Defendant. Civ. No. 00-1540(ADM/RLE)

* * * * * * * * * * * * * * * * * * *

26

FILED FEB 01 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,

Plaintiff,

vs.

Vocaltec Communications, Inc.,
a Delaware Corporation,

Defendant. Civ. No. 00-1541(ADM/RLE)

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,

Plaintiff,

vs.

Net2phone, Inc., a
Delaware Corporation,

Defendant. Civ. No. 00-1627(ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 1st day of February, 2001.

I. Introduction

On January 24, 2001, the Court heard argument on the Motions of the Defendants PhoneFree.com Inc. ("PhoneFree"), ZeroPlus.com, Inc. ("Zeroplus"), Dialpad.com, Inc. ("Dialpad"), VocalTec Communications Inc. ("VocalTech"), and Net2Phone, Inc. ("Net2Phone"), to compel the Plaintiff Multi-Tech Systems, Inc. ("Multi-Tech"), to provide more complete Claims Charts. At the time of the Hearing,

Multi-Tech appeared by Ronald J. Schutz, Esq.; PhoneFree appeared by Scott J. Bornstein, Esq.; Zeroplus appeared by David J.F. Gross, Esq.; Dialpad appeared by Kurt J. Niederluecke, Esq.; VocalTech appeared by Meredith M. Addy and Allan J. Sternstein, Esqs.; and Net2Phone appeared by Steven C. Tabackman, Esq. For reasons which follow, we deny the Motions to Compel.

## II. Discussion

In each of these actions, and in several others in this District, and elsewhere, the Plaintiff alleges that the Defendants have contributorily infringed upon its patents. "Liability for contributory infringement includes one who 'sells within the United States * * * a component of a patented machine * * * knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.'" Serrano v. Telular Corp., 111 F.3d 1578, 1583 (Fed. Cir. 1997), quoting Title 35 U.S.C. §271(c). Under this doctrine, "[a]n act of direct infringement is a necessary predicate for any derivative liability on the part of [these Defendants]; absent direct infringement, there can be no contributory infringement." DSC Communications Corp. v. Pulse Communications, Inc., 170 F.3d 1354, 1359 (Fed. Cir. 1999), cert. denied, 528 U.S. 923 (1999), citing Met-Coil Sys.

Corp. v. Korners Unlimited, Inc., 803 F.2d 684, 687 (Fed. Cir. 1986).

In an effort to narrow the issues for pretrial development, we issued an Order which obligated the Plaintiff to produce to each Defendant a Claim Chart which would identify: "(1) which claim(s) of its patent(s) it alleges are being infringed; (2) which specific products or methods of the opposite party it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present." See, Pretrial Order of October 17, 2000. Our Scheduling Order went on to direct that "[i]f there is a contention by plaintiff that there is infringement of any claims under the doctrine of equivalents, plaintiff shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, plaintiff shall also explain each of the function, way and result that it contends are equivalent, and why it contends that any differences are not substantial." Id.

Consistent with these directives, the Plaintiff timely produced, to each Defendant, a Claim Chart which was considerable in both bulk, and in apparent specificity. The Defendants' first reaction to these Claim Charts was to insist that the Court delay the Defendants' production of their responsive Claim Charts, osten

sibly because the Plaintiff's Charts provided nothing of substance to which the Defendants could respond. We rejected that argument, but without prejudice to the Defendants' right to pursue their respective Motions to Compel more complete Claim Charts from the Plaintiff, which were then pending at the time of our denial of the Defendants' Motions to Stay.

We have closely reviewed the Plaintiff's Claim Charts, in the somewhat unique context of the Plaintiff's contributory infringement allegations against these Defendants. As expressed at the time of the Hearing, the Plaintiff denies that any specific component of the Defendant's devices directly infringes upon the Plaintiff's patents-in-suit. Rather, the Plaintiff urges that, when the Defendants' devices are coupled with standardly equipped personal computers -- as manufactured by others than these Defendants -- they contributorily infringe.[1] As a result, the Defendants' insistence, that the Plaintiff dissect each of the Defendants' devices, so as to precisely identify the infringing component, presents the Plaintiff with a task impossible of performance.

[1]The Plaintiff further represents that its claims against the Defendants are predicated upon literal infringement, and not upon the doctrine of equivalents. Nonetheless, the Plaintiff has assured that its Claim Charts comply, to the best of the Plaintiff's ability, with that portion of the Court's Scheduling Order which addresses the Plaintiff's production obligations under the doctrine of equivalency.

The Defendants disagree, but only in the most broad conclusory way. They demand that the Plaintiff now be compelled to produce its claim construction, and to augment its Claim Charts with details that were never previously suggested to this Court. Indeed, while our Scheduling Order, with its requirement of Claim Charts, was an amalgam of all of the parties' pretrial proposals, the supplementations that the Defendants now demand of the Plaintiff are at odds with those the Defendants had earlier proposed. As we expressed at the time of the Hearing, this Court employs a pragmatic approach, and if the approach is not one that works, we strive to strike a practical solution that advances the mandated goals of Rule 1. Here, however, the Defendants seek supplementations to the Plaintiff's Claim Charts, which would impose all the obligations of production upon the Plaintiff -- including an obligation to disclose its claim construction well before the Defendants need undertake any substantive disclosures -- while the Defendants could proverbially lay in wait.

Our Scheduling Order framed an orderly progression of this case to Trial, through stages that would narrow, or at least focus, the infringement issues, and then allow for the timely disposition of any differences in the parties' claim interpretations. Such a framing is seldom perfect, but we conclude that this approach allows the case to progress, without prejudice to either party, and

with the correlative benefit of disclosing the conflicting claims of the opposing sides. We are convinced, notwithstanding the Defendants' protestations to the contrary, that the Defendants are now on notice as to the claims in dispute, and manner in which the Plaintiff contends the Defendants products contributorily infringe upon those claims. Such notice was the precise purpose of the Plaintiff's duty to first present its Claim Charts.

We recognize that the production of Claim Charts is the first step -- and not, as the Defendants appear to suggest -- the composite of all of the discovery that the Plaintiff will be obligated to produce during the pretrial process. Given the Record presented, we are persuaded that the Plaintiff's Claim Charts are as complete as is practicable at this stage, in an action involving contributory infringement.[2] Accordingly, the Defendant's Motions to Compel the Plaintiff to produce more complete Claim Charts is denied.

NOW, THEREFORE, It is --

[2]We hold the Plaintiff to its representation that the Claim Charts are as complete as is current discovery from the Defendants allows. Further, we reiterate that the Claim Charts are subject to the good cause amendment requirement of Rule 16(b), Federal Rules of Civil Procedure.

ORDERED:

That the Defendants' Motions to Compel the Plaintiff to produce more complete Claim Charts [Docket No. 133 in Civ. No. 00-346; No. 16 in Civ. No. 00-1538; No. 16 in Civ. No. 00-1540; No. 37 in Civ. No. 1541; and No. 14 in Civ. No. 00-1627] are DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE