UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,
a Minnesota Corporation,

Plaintiff,

vs. ORDER

Dialpad.com, Inc.,
a California Corporation,

Defendant. Civ. No. 00-1540 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 28th day of August, 2001.

I. Introduction

On August 9, 2001, the Court heard argument on the Plaintiff's Motion to Amend the Complaint, the Defendant's Motion Concerning the Scope of Prior Art Disclosure, and the Defendant's Motion to Compel Production of Documents. At the time of the Hearing, the Plaintiff Multi-Tech Systems, Inc. ("Multi-Tech"), appeared by Kevin D. Conneely, Esq., and the Defendant Dialpad.com, Inc. ("Dialpad"), appeared by Bryan K. Anderson, Esq. For reasons expressed at the Hearing, and briefly reiterated below, we grant the Plaintiff's Motion to amend the Complaint, and we grant, in part, the Defendant's Motion concerning the scope of prior art

FILED AUG 28 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(48)

disclosures. We further grant, in part, the Defendant's Motion to Compel production of documents.

## II. Discussion

### A. Multi-Tech's Motion to Amend the Complaint.

Multi-Tech seeks to amend its Complaint, in order to add a claim of willful infringement, as it contends that Dialpad has continued its infringing activities even after it learned of Multi-Tech's assertions of infringement. The deadline in this case for amending the pleadings was August 22, 2001.[1]

Multi-Tech contends that Dialpad has known about its contention, concerning Dialpad's alleged infringement of four of Multi-Tech's patents, since the inception of this lawsuit in February of 2000. However, Dialpad still continues to offer the purportedly infringing product to consumers, and has not produced an attorney opinion as a potential shield to a willfulness claim.[2] Dialpad

---

[1]The original deadline to amend the pleadings was June 21, 2001, but the parties agreed, by stipulation, adopted by the Court on May 14, 2001, to extend a number of the deadlines in the Pretrial Order, including the deadline to amend the pleadings.

[2]Multi-Tech stresses, however, that the presence of an attorney opinion should not prevent the requested amendment, as such an opinion is only one factor in determining willful infringement. See, Minnesota Mining and Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc., 976 F.2d 1559, 1580 (Fed. Cir. 1992)("It is well settled that a potential infringer having actual notice of another's patent has an affirmative duty of due care that normally requires the potential infringer to obtain competent legal advice (continued...)

argues, however, that the willfulness claim is futile, and that the addition of the claim would prejudice it. We disagree.

1. Standard of Review. Where, as here, a Plaintiff seeks to amend its Complaint, Rule 15(a), Federal Rules of Civil Procedure, dictates that leave to amend shall be "freely given when justice so requires." DeRoche v. All American Bottling Corp., 38 F. Supp.2d 1102, 1105-06 (D. Minn. 1998). The Supreme Court has explained the purposes of Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of such an apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also, ARE Sikeston v. Weslock National, Inc., 120 F.3d 820, 832 (8th Cir. 1997); Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).

Although we begin with a presumption of liberality, the right to amend is not absolute, see, Floyd v. State of Missouri Dept. of Social Services, Div. of Family Services, 188 F.3d 932, 939 (8th

(...continued)
before infringing or continuing to infringe," but "legal advice is only one factor to be considered, and an opinion of counsel does not guarantee against a finding of willfulness.").

Cir. 1999), and an amendment to a pleading can be successfully challenged on the grounds of futility if the claims created by the amendment would not withstand a Motion to Dismiss for failure to state a claim upon which relief can be granted. See, Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999); Humphreys v. Roche Biomedical Laboratories, Inc., 990 F.2d 1078, 1082 (8th Cir. 1993); Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir. 1989); Holloway v. Dobbs, 715 F.2d 390, 392-93 (8th Cir. 1983); but cf., Karl's Inc. v. Sunrise Computers, Inc., 901 F.2d 657, 660 (8th Cir. 1990)("colorable showing" sufficient to withstand application of clearly frivolous rule).

2. Legal Analysis. Dialpad initially asserts that Multi-Tech's Motion to amend would be futile, and it advances two bases for that assertion, but both fail. The first argument is that Multi-Tech has only made "mere allegations of willful infringement," and that such allegations, without support, are deficient. In particular, Dialpad notes that a claim of willful infringement focuses on the intent, reasonableness and belief of the alleged infringer, with respect to that asserted patent rights. See, e.g., Pall Corp. v. Micron Separations, 66 F.3d 1211, 1221 (Fed. Cir. 1995). In order to obtain punitive damages for willful infringement, a patent holder must prove, by clear and convincing evidence, that the alleged infringer acted with the requisite dis-

regard of the asserted patent rights. Id. Thus, in order to amend the Complaint, Dialpad argues that Multi-Tech must plead the willful infringement with particularity. It has provided no cases which support that proposition, however, and we have been unable to uncover any such authority.[3] Moreover, since Rule 8(a), Federal Rules of Civil Procedure, only requires "notice pleading," we find that the proposed amendment, as least in regard to the particularity of the amendment, is properly pled.

Dialpad also argues that Multi-Tech's assertion of willfulness treads upon its constitutional right to have its case heard before the Courts. In particular, Dialpad contends that it has simply continued innocent conduct, while exercising its right to have its case heard by the Court. While, in the end, such an assertion may prove to be true, Dialpad's argument is directed more at the substance of the willfulness claim, and such an inquiry is not appropriate under the Motion to Dismiss standard, which governs our

---

[3]Dialpad cites the case of Xilinx v. Altera, 1993 WL 767688 (N.D. Cal., October 25, 1993, and February 8, 1994), in an attempt to support the proposition that Multi-Tech must plead willful infringement with particularity. However, that case, and the cases cited therein, stand for the proposition that the affirmative defense of inequitable conduct on the Patent Office must be plead with particularity. Id. Thus, we find the decision inapposite.

futility analysis. See, e.g., See, Becker v. Univ. of Nebraska at Omaha, supra at 908.[4]

Finally, Dialpad contends that it will be prejudiced by this amendment. We note, however, that the deadline for amending the pleadings, which was established by the stipulation of the parties, had not passed at the time that Multi-Tech filed, and the parties argued, this Motion. Moreover, any discovery related to the alleged willful infringement claim would largely be in Dialpad's possession, as the issue turns on the reasonableness of Dialpad's actions -- so any discovery, which relates to that issue, is self-effectuating. Therefore, finding no merit in the Defendant's argument, that the proposed willfulness amendment would be futile, or prejudicial, we grant Multi-Tech's Motion to Amend.

[4]Dialpad argues that, if we allowed the proposed amendment, the amendment cannot be asserted under Rule 15(c), Federal Rules of Civil Procedure, which allows the relation back of an amendment to the original Complaint but, rather, that the amendment must be deemed a supplemental pleading, as the "transactions or occurrences or events * * * happened since the date of the pleading sought to be supplemented." Rule 15(d), Federal Rules of Civil Procedure. Dialpad has not cited any cases which support such a proposition, however. Moreover, as Dialpad's duty of "good faith" arose at the time that it learned of the alleged infringement, we believe that an amendment for willful infringement is properly within the confines of Rule 15(c), rather than Rule 15(d).

B. Dialpad's Motion Concerning the Scope of Prior Art Disclosures.

Dialpad seeks to add seventeen prior art references to its Prior Art Statement, which was served, in accordance with our Pretrial Order, on March 19, 2001. Our Pretrial Order specifically stated:

> Defendant can add prior art to its original Statement only by leave of court, upon a showing:
>
> a. that it was not and could not reasonably have been located earlier by defendant; and
>
> b. that it is not merely cumulative of prior art already listed, and
>
> c. how defendant will be prejudiced if leave is denied, and plaintiff will not be prejudiced if leave is given.

Multi-Tech contends that Dialpad has not complied with these dictates and, therefore, that Dialpad's Motion to amend its prior art statement should be denied.

The seventeen references that Dialpad seeks to add to its Prior Art Statement can be broken down into three parts: fourteen references that were cited against the Multi-Tech patents-in-suit by other defendants, in the paralleling litigation; one reference -- the Micron reference -- that Dialpad contends Multi-Tech failed to produce through discovery until after Dialpad's prior art dis-

closure was required; and two references which Dialpad just recently discovered.

In regard to the fourteen references which were cited in the paralleling litigation against the same patents-in-suit, which are at issue here, we find that Dialpad has carried its burden in showing that the references are not cumulative and, most importantly, that Multi-Tech will not be prejudiced by the addition of these references. In particular, Multi-Tech has already been set to the task of defending against these references, by the identification of such references in the paralleling litigation, so there can be no legitimate claim of surprise or prejudice. Thus, we find no cogent reason to prevent Dialpad from adding these fourteen references to its Prior Art Statement, and the same is true for the Micron reference, as Multi-Tech had notice of that reference, as it own discovery responses confirm. Therefore, we find that it will not be prejudiced by the addition of the Micron reference. Thus, we grant Dialpad's Motion to add references 1, and 4-17.

In regard to the remaining two references, however, both of which Multi-Tech had no notice of until Dialpad requested permission to add the references to its Prior Art Statement, we believe there would be prejudice to Multi-Tech. Moreover, Dialpad has not shown why it could not have identified these references in its

original Prior Art Statement. Thus, we deny the Motion to add references 2 and 3.

C. Dialpad's Motion to Compel Production of Documents.[5]

Dialpad seeks to Compel Multi-Tech to turn over documents with regard to two issues. First, Dialpad seeks "all documents relating to every executed or proposed patent assignment, license, offer to assign or license, covenant not to sue or grant of rights concerning the Multi-Tech patents-in-suit." Specifically, there appears to still be a dispute regarding licensing agreements with AT&T Microelectronics and its successor in interest, Lucent Technologies; PhoneFree; and Really Easy Internet.

While Multi-Tech seems to concede that the agreements themselves may be relevant to determine damages in this case, especially the "reasonable royalty" determination, it strongly objects to discovery of the settlement negotiations. First, it contends that Rule 408, Federal Rules of Evidence,[6] precludes the admission, into

---

[5]Dialpad had also sought leave to amend its Answer but, since it filed this Motion, the parties have stipulated to that amendment. Therefore, the request for leave to amend is no longer an issue and, as a consequence, we deny that Motion, as moot.

[6]Rule 408 provides as follows:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to

(continued...)

evidence, of such negotiations. However, as pointed out by Dialpad, Rule 408 goes to admissibility, and not discoverability. Of course, to be discoverable, the information "need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1), Federal Rules of Civil Procedure.

Second, Multi-Tech contends that it should not have to turn over the settlement negotiations because the agreements are the result of litigation, rather than an arms-length transaction for the license and, therefore, they do not represent a "reasonable royalty." However, we do not believe that such a determination is properly the province of Multi-Tech alone -- rather, Dialpad should be able to test the licensing agreements by being able to weigh the

---

[6](...continued)

> compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

factors that went into the final agreements which were reached. Therefore, we find that the licensing agreements, as well as the underlying negotiations, are relevant to this action, and Multi-Tech shall consequently produce them to Dialpad. As we stated at the Hearing, however, such a disclosure does not include documents privileged as attorney-client communications, or as attorney work product, where the mental impressions of the attorneys are disclosed, for example, or where the current negotiations have not reached an accord. Thus, on the issue of licensing agreements, we grant Dialpad's Motion to Compel, except as to privileged documents.

Dialpad also seeks an Order compelling Multi-Tech to produce all responsive documents from all named inventors. On November 8, 2000, counsel for Dialpad sent a letter to counsel for Multi-Tech, which requested the following confirmation:

> Multi-Tech's production will include all responsive materials in its possession, custody or control, including but not limited to responsive material from the files of the named inventors (whether at work, home or elsewhere) and prosecution counsel and their firms. If Multi-Tech does not intend to search for and produce responsive materials maintained in such files, we will need to take the issue to the Court and issue appropriate subpoenas.

Exhibit J to Andrew D. Mastin Decl.

Multi-Tech responded by stating that it would "produce responsive documents from the inventors' files which may be located off Multi-

Tech premises, if any exist." Exhibit K to Andrew D. Mastin Decl. Dialpad contends, however, that Multi-Tech has not produced all responsive documents from Floreat, Inc. ("Floreat"), or from the named inventors, Ping Li ("Li"), Sidhartha Maitra ("Maitra"), or Steve Young ("Young").[7]

According to Multi-Tech, it has produced all responsive documents that it has in its possession, custody, or control. In particular, with regard to Floreat, which is an independent third-party, Multi-Tech does not have any of Floreat's documents in its possession, custody, or control. With regard to Young, Multi-Tech claims that he is not an employee of Multi-Tech but, rather, is an employee of Floreat, and that Dialpad has subpoenaed documents from, and already deposed Young, who stated that he did not have any documents responsive to Dialpad's request. Moreover, Multi-Tech does not have any of Young's documents in its possession, custody, or control. With regard to Li and Maitra, neither one still work for Multi-Tech. Although Multi-Tech has attempted to find Li, it has been unsuccessful and, with regard to Maitra, he unfortunately died one month prior to the filing of this Complaint.

---

[7]Floreat, Inc. is a company that was contracted to create software for the Multi-Tech modem that is described in the patents-in-suit. Floreat, Inc. employed the non-Multi-Tech inventors.

Thus, it appears Multi-Tech has done all that it can to disclose the documents it has in its possession, custody, or control.

Stated otherwise, we are obligated to accept Multi-Tech's representation, that it has searched for relevant documents, in its control or possession, and has produced those documents, as being truthful. Both parties know that the potential sanction for anything less than full disclosure is an instruction to the Jury on the "spoliation of evidence," unless a more draconian remedy is appropriate, under Rule 37, Federal Rules of Civil Procedure, or pursuant to the inherent power of the Court to preserve its processes.[8] Therefore, we deny Dialpad's Motion to Compel, in

---

[8]As we have previously expressed:

> [A]s a matter of practical reality, the Court must accept, at face value, a party's representation that it has fully produced all materials that are discoverable. See, [Marvin] Lumber v. PPG Industries, Inc., 168 F.R.D. 641, 643 n. 1 (D. Minn. 1996). As we have stated elsewhere, "we have no means to test the veracity of such avowals, other than to appropriately sanction a recalcitrant party for failing to responsibly honor its discovery obligations." Id. It continues to be our view that the failure to produce evidence, without just cause, which is relevant within the context of Rule 26, Federal Rules of Civil Procedure, bears a close relationship to the "spoliation of evidence," and should be sanctioned accordingly. See, Id., citing, Sylla Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 280 (8th Cir. 1995), cert. denied, ---

(continued...)

regard to responsive documents from certain inventors, which are not in the care, custody, or control of Multi-Tech.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion to Amend the Complaint [Docket No. 40] is GRANTED.

2. That the Defendant's Motion Concerning Scope of Prior Art Disclosure [Docket No. 35] is GRANTED, in part, and DENIED, in part.

3. That the Defendant's Motion to Compel Production of Documents [Docket No. 37] is GRANTED, in part, and DENIED, in part.

---

(...continued)

U.S. ---, 116 S.Ct. 84 (1995); Dillon v. Nissan Motor Co., Ltd., 986 F.2d 263, 267 (8th Cir. 1993); SDI Operating Partnership, L.P. v. Neuwirth, 973 F.2d 652, 655 (8th Cir. 1992); Scout v. City of Gordon, 849 F. Supp. 687, 690-91 (D. Neb. 1994); Capallupo v. FMC Corp., 126 F.R.D. 545, 551 (D. Minn. 1989); cf., Baker v. General Motors Corp., 86 F.3d 811, 817 (8th Cir. 1996), cert. granted, --- U.S. ---, 117 S.Ct. 1310 (65 USLW 3647 (U.S., March 24, 1997).

Onwuka v. Federal Express Corp., 178 F.R.D. 508, 514 (D. Minn. 1997).

The same cautionary applies here.

4. That the Defendant's Motion to Amend its Answer [Docket No. 37] is DENIED, as moot.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE