UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Multi-Tech Systems, Inc.,
a Minnesota corporation,

       Plaintiff,

v.

Dialpad.com, Inc. a California
corporation,

       Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 00-1540 ADM/RLE

---

Ken R. Hall, Esq., and Joseph A. Mandernach, Esq., Robins, Kaplan, Miller & Ciresi, Minneapolis, MN, appeared for and on behalf of Plaintiff.

Michael A. Mitchell, Esq., Briggs and Morgan, Minneapolis, MN, appeared for and on behalf of Defendant.

Bryan K. Anderson, Esq., Skjerven Morrill MacPherson, San Jose, CA, appeared via telephone on behalf of Defendant.

---

## I. INTRODUCTION

On October 16, 2001, appeals from both parties were presented in oral arguments before the undersigned United States District Judge. Both parties appeal from Magistrate Judge Raymond L. Erickson's August 28, 2001, Order [Doc. No 48]. Plaintiff Multi-Tech Systems, Inc. ("Multi-Tech"), appeals [Doc. No. 51] Judge Erickson's Order granting, in part, Defendant Dialpad.com, Inc.'s ("Dialpad"), Motion to Compel Production of Documents [Doc. No. 37]. Specifically, Multi-Tech appeals the portion of the Order compelling it to produce materials regarding the negotiations underlying the licensing agreements that are a part of signed settlement agreements with other defendants. Dialpad appeals [Doc. No. 53] the Order denying, in part, its Motion concerning Scope



of Prior Art Disclosure [Doc. No 35], specifically the portion denying its Motion to add references 2 and 3. For the reasons set forth below, Multi-Tech's Appeal [Doc. No. 51] is denied, and Dialpad's Appeal [Doc. No. 53] is denied.

## II. BACKGROUND

The factual background for this matter is adequately set forth in the Judge Erickson's August 28, 2001, Order and is incorporated by reference for the purposes of the present appeals.

## III. DISCUSSION

### A.   Standard of Review

In ruling on an appeal from a non-dispositive matter decided by a magistrate judge, a district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law" 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.1(b)2. This standard of review is extremely deferential. See Reko v. Creative Promotions, Inc., 70 F.Supp.2d 1005, 1007 (D. Minn. 1999); Banbury v. Omnitron Int'l, Inc., 818 F. Supp. 276, 279 (D. Minn. 1993). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chase v. C.I.R., 926 F.2d 737, 740 (8th Cir. 1991) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

### B.   Multi-Tech's Appeal

Multi-Tech argues that there is no compelling need for it to disclose materials regarding the settlement negotiations leading up to the settlement agreements with other defendants.[1] Multi-Tech

---

[1] The license agreements resulting from the settlements have already been produced by Multi-Tech. Pl. Mem. in Supp. at 3.

2

asserts that those materials are unlikely to be admissible as probative evidence of a "reasonable royalty" measure of damages. Pl. Mem. in Supp. at 2. "Reasonable royalty" calculations in patent infringement suits, Multi-Tech argues, are not reliably derived from royalties paid to avoid litigation as a result of settlement negotiations because such rates are influenced by many factors present in the settlement context and do not represent willing licensee payments made in arm's length commercial transactions. Pl. Mem. in Supp. at 6; see Wang Laboratories, Inc. v. Mitsubishi Electronics America, Inc., 860 F.Supp. 1448, 1452 (C.D. Cal. 1993); Donnelly Corp. v. Gentex Corp., 918 F.Supp. 1126, 1134 (W.D. Mich. 1996). Because the terms of the settlement agreements themselves are not likely probative of a reasonable royalty amount, Multi-Tech avers, the underlying negotiations are therefore not reasonably calculated to lead to the production of admissible evidence. Multi-Tech further argues that requiring them to disclose the negotiation materials would discourage settlement discussions contrary to the purposes of public policy favoring compromise and settlement, and disrupt the administration of multi-party litigation. Pl. Mem. in Supp. at 5.

For materials to be discoverable they must be "reasonably calculated to lead to the discovery of admissible evidence," but need not actually be admissible at trial. Fed. R. Civ. P. 26(b)(1). Federal Rule of Evidence 408 promotes a public policy favoring settlement by establishing that "[evidence of . . . statements made in compromise negotiations is . . . not admissible." Fed. R. Evid. 408. "When the requested discovery concerns a confidential settlement agreement, the majority of courts considering the issue have required the requesting party to meet a heightened standard, in deference to Federal Rule of Evidence 408, and the public policy to encourage settlements and to uphold confidentiality provisions." Young v. State Farm Mut. Auto Ins. Co., 169 F.R.D. 72, 76 (S.D.W. Va. 1996). Other courts have more recently considered the heightened standard applied by

3

Young and its progeny to have improperly established a semi-privilege to confidential settlement agreements and negotiations.  See Folb v. Motion Picture Industry Pension and Health Plans, 16 F.Supp.2d 1164, 1171 (C.D. Cal. 1998), aff'd, 216 F.3d 1082 (9th Cir. 2000).  Considered in combination with Fed. R. Civ. P. 26(b), the Folb court held that Fed. R. Evid. 408 "only protects disputants from disclosure of information to the trier of fact, not from discovery by a third party." Id.

Relevant factors in determining a patent royalty have been held to include royalties received by the patentee for the licensing of a patent.  See Georgia-Pacific Corp. v. United States Plywood Corp., 318 F.Supp. 1116, 1120 (S.D. N.Y 1970), modified, 446 F.2d 295 (2nd Cir. 1971), cert. denied, 404 U.S. 870 (1971).[2]  Judge Erickson reasoned that the value of the licensing agreements as indicators of a "reasonable royalty" should be judged by weighing the factors considered in reaching final agreements, as illuminated by the underlying negotiations.  August 28, 2001, Order at 10-11.  Thus, Judge Erickson found that both the agreements and the underlying negotiations are "relevant to the subject matter involved in [this action]," as required by Fed. R. Civ. P. 26(b)(1), and that both are discoverable as reasonably calculated to lead to admissible material.  Id.

In light of the relevant case law, Judge Erickson's determination was not clearly contrary to existing law, and this Court is not left with the definite and firm conviction that a mistake has been committed.  As such, Judge Erickson's Order is affirmed, and Multi-Tech's appeal is denied.

---

[2] Dialpad cites numerous other cases where license fees paid are considered in determining a "reasonable royalty."  See Def. Mem. in Resp. at 3-4.

4

C.  **Dialpad's Appeal**

Dialpad argues that Multi-Tech would not be prejudiced by being compelled to respond to the two relevant prior art references because the claims have not yet been constructed, and no expert discovery has taken place. Thus, it argues, Multi-Tech can still present its case without harm if references 2 and 3 are allowed. Dialpad also argues that it was unable to reasonably locate the references earlier due to the broad scope of its search for prior art. Def. Mem. in Supp. at 3. Dialpad claims that the references were not located until the end of June, 2001, and that reference 2 includes material of the type not generally found through database searches. Id.

However, the additional references were introduced six months after the deadline for submissions had passed. Judge Erickson's October 17, 2000, Pretrial Order set forth the required showings for adding prior art to an original Statement: the Defendant is required to show (1) that the prior art references were not, and could not reasonably have been, located earlier, (2) that the references are not merely cumulative of prior art already listed, and (3) both how defendant will be prejudiced if leave is denied, and that plaintiff will not be prejudiced if leave is given. October 17, 2000, Pretrial Order. Thus, prior art cannot be added absent defendant's meeting all of the three requirements.

Dialpad relies on the "breadth of possible pertinent references" to establish its inability to timely locate the disputed references. Def. Mem. in Supp. at 3. This is an insufficient explanation for why references 2 and 3 could not reasonably have been located earlier. Dialpad also does not establish how the proposed references are not merely cumulative. Finally, while Dialpad asserts a lack of prejudice to Multi-Tech if the references are allowed, it makes no attempt to show how prejudice to Dialpad would result if leave is denied. Dialpad did not satisfy the criteria set forth in

5

the Pretrial Order, and has not shown that Judge Erickson's denial of leave to add references 2 and 3 was clearly erroneous or contrary to law. Dialpad's appeal is denied, and Judge Erickson's Order is affirmed.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Multi-Tech's appeal [Doc. No. 51] of the portion of Judge Erickson's Order compelling it to produce materials regarding the royalty negotiations underlying the licensing agreements that are a part of signed settlement agreements with other defendants is **DENIED**, and

2. Dialpad's appeal [Doc. No. 53] of the portion of Judge Erickson's Order denying its Motion to add references 2 and 3 is **DENIED**.

BY THE COURT:

_____
ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: January 8, 2002